IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MARCELLA SHORT,**
Individually, on behalf of herself
and on behalf of all other similarly
situated current and former employees,

              Plaintiffs,

              CASE NO. _____

v.

**DAVE & BUSTER'S, INC.,**            FLSA Opt-In Collective Action
**DAVE & BUSTER'S ENTERTAINMENT, INC.,**
**DAVE & BUSTER'S MANAGEMENT**
**CORPORATION, INC.,**             JURY DEMANDED
**DAVE & BUSTER'S HOLDINGS, INC.,** and
**TANGO OF TENNESSEE, INC.**
a/k/a Dave & Buster's Grand Sports Café,

              Defendants,

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Marcella Short, individually, on behalf of herself and on behalf of other similarly situated current and former employees, brings this collective action against Dave & Buster's, Inc., Dave & Buster's Entertainment, Inc., Dave & Buster's Management Corporation, Inc., Dave & Buster's Holdings, Inc., and Tango of Tennessee, Inc., a/k/a Dave & Buster's Grand Sports Café and, alleges as follows:

### I.

### INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages,

1

unpaid minimum wages, overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

## II.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district at all times relevant to this action, Defendants regularly have conducted and continue to conduct business in this district, and have engaged and continue to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.

## CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former tipped employees, also classified as "bartenders and servers", of Defendants in the United States who work (or have worked) at Defendants' restaurant(s) at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect

to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

(Collectively, "the class").[1]

## IV.

## **PARTIES**

5. Defendant, Dave & Buster's, Inc., is a Missouri corporation with its corporate headquarters located at 2481 Manana Drive, Dallas, Texas 75520. Dave & Buster's, Inc. has been an "employer" of Plaintiff and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Missouri Secretary of State, Dave & Buster's. Inc. may be served through its registered agent for service of process, Capitol Corporate Services, Inc. 222 E. Dunklin Suite 102, Jefferson City, Missouri 65101.

6. Defendant, Dave & Buster's Entertainment, Inc., is a Delaware corporation with its principal executive office located at 2481 Manana Drive, Dallas, Texas 75520. Dave & Buster's Entertainment, Inc. has been an "employer" of Plaintiff and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Delaware Secretary of State, Dave & Buster's Entertainment, Inc. may be served through its registered agent for service of process Corporate Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant, Dave & Buster's Management Corporation, Inc., is a Delaware corporation and has been an "employer" of Plaintiff and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

According to the Delaware Secretary of State, Dave & Buster's Management Corporation, Inc. may be served through its registered agent for service of process, Capitol Service, Inc. 1675 S. State Street STE B Dover, Delaware 19901.

8. Defendant, Dave & Buster's Holdings, Inc. is a Delaware corporation with its principal offices located at 2481 Manana Drive Dallas, Texas 75520. Dave & Buster's Holdings, Inc., has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Delaware Secretary of State, Dave & Buster's Holdings Inc., may be served through its registered agent for service of process, Capitol Service, Inc. 1675 S. State Street STE B Dover, Delaware 19901.

9. Defendant, Tango of Tennessee, Inc. is a Delaware corporation with its principal offices located at 2481 Manana Drive Dallas, Texas 75520. Tango of Tennessee, Inc., has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Tennessee Secretary of State, Tango of Tennessee, Inc. had an assumed name of "Dave & Buster's Grand Sports Café" until September 27, 2010. According to the Delaware Secretary of State, Tango of Tennessee, Inc., may be served through its registered agent for service of process, Capitol Corporate Service, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

10. Plaintiff Marcella Short was employed by Defendants as a tipped employee at one of their restaurants within this district during the relevant period herein. (Plaintiff's Consent to Join this collective action is attached hereto as Exhibit A.)

11. The class of similarly situated employees consists of all waiters, waitresses and bartenders (a/k/a "servers") employed by Defendants at their Dave & Buster's restaurants, nationwide, in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

12. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating Dave & Buster's restaurants) performed (either through a unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

## V.

## **ALLEGATIONS**

13. Defendants own and operate or, have owned and operated, Dave & Buster's restaurants in numerous states across the United States during the relevant period of this action.

14. The primary function of Dave & Buster's restaurants is to sell food and beverage items to customers and, provide entertainment games to customers.

15. Defendants have been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).

16. Defendants employed Plaintiff and those similarly situated and were responsible for setting and administering pay and overtime rates, including overtime pay during the relevant period of time in question.

17. The decisions regarding the compensation of Plaintiff and other members of the class, and other terms of employment were made through a centralized management of Defendants' Headquarters located in Dallas, Texas.

18. Defendants have had a centralized plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to restaurant managers to stay within or below such budgeted labor on the one hand and, subjecting those managers who failed to stay within such budgeted hours to disciplinary action on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants which, in turn, forced managers to encourage, entice, condone, induce, permit and/or require Plaintiff and those similarly situated to perform work "off the clock," as well as forced restaurant managers to require their tipped employees (class members) to perform non-tip producing tasks while clocked-in to its timekeeping system as tipped employees at a tip credit wage and, to perform non-tip producing preparation and maintenance tasks more than 20% of their time while assigned "tables" from which tips could be produced.

19. Defendants have had a centralized plan, policy and practice (scheme) of working Plaintiff and similarly situated class members "off the clock" and, "editing" their time records, in a variety of ways. Accordingly, Plaintiff's and Class Members' claims are unified by common theories of Defendants' FLSA statutory violations.

20. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

21. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

22. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and its employees are engaged in interstate commerce.

23. Defendants have and continue to employ tipped employees whose primary duties are to take food and beverage orders, and serve such items to customers.

24. Plaintiff and all other similarly situated persons are current or former employees of Defendants.

25. Defendants have and continue to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

26. At all relevant time's material to this action and, pursuant to Defendants' centralized, unified and uniform plans, policies and practices, Defendants have required Plaintiff and Class Members to wait on company premises (until more customers are available to be served) without such time being recorded in Defendants' timekeeping system and, without Plaintiff and Class Members being compensated for such time at least at the applicable FLSA minimum wage and overtime rates of pay.

27. As a result, Plaintiff and the other members of the class are entitled to at least the applicable minimum wage rate of pay for all such "wait" time and for any applicable overtime related to such "wait" time, as required by the FLSA.

28. At all times material to this action and, pursuant to Defendants' centralized, unified and uniform plans, policies and practices, Defendants have required Plaintiff and Class Members to attend job-related training for which they were paid less than the applicable FLSA minimum rate of pay and for which they were paid less than any applicable overtime pay relating to such training time as required by the FLSA.

29. As a result, Plaintiff and the other members of the class are entitled to at least the applicable minimum wage rate of pay for all such training time and for any applicable overtime related to such training time, as required by the FLSA.

30. At all times material to this action and, pursuant to Defendants' centralized, unified and uniform plans, policies and practices, Plaintiff and other members of the class have been required to work in non-tip producing jobs and perform non-tip producing duties while clocked-in as a tipped employee into Defendants' electronic timekeeping system for which such unrelated non-tip producing work Plaintiff and other members of the class were paid only sub-minimum (tip credit) hourly wages as tipped employees.

31. As a result, Plaintiff and the other members of the class are entitled to at least the applicable minimum wage for all unrelated non-tip producing work without applying a tip credit.

32. Furthermore, Plaintiff and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation at the applicable overtime rate of pay for such unrelated non-tip producing work without applying a tip credit.

33. At all times material to this action and, pursuant to Defendants' centralized, unified and uniform plans, policies and practices, Plaintiffs and other members of the class have been required to perform non-tipped maintenance and preparation work incidental to their server duties, such as rolling silverware, washing dishes and glassware, taking out trash, refilling sugar caddies, salt and pepper shakers, ice, condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, as well as closing out customers checks and performing pre-closing cleaning tasks, such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils as well as

other such "side work" in excess of 20% of their work time. *See* 29 U.S.C. §§ 203(m) and 203(t).

34. As a result, Plaintiff and other members of the class are entitled to at least the applicable minimum wage for all "side work" without applying a tip credit.

35. Furthermore, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week are entitled to receive overtime compensation at the applicable overtime rate of pay for all such excess "side work" without applying a tip credit.

36. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

37. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." *See* 29 C.F.R. § 531.52.

38. At all times material to this action and, pursuant to Defendants' centralized, unified and uniform plans, policies and practices, Plaintiff and other members of the class have been encouraged, enticed, permitted, condoned, induced, suffered, permitted and/or required to perform prescribed duties "off the clock" before, during and after their regular scheduled shifts.

39. As a result of Plaintiff and other members of the class performing work duties "off the clock," Defendants' timekeeping records do not reflect the actual total hours worked by Plaintiffs and members of the class and, therefore, Plaintiff and class members are entitled to at least the applicable FLSA minimum wage of pay for all such "off the clock" time without applying a tip credit.

9

40. Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked, when the unpaid "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week are entitled to overtime compensation at the applicable overtime rate of pay for

41. The net effect of Defendants' aforementioned plan, policy and practice of requiring employees to "wait" on restaurant premises without being paid the applicable FLSA minimum wage and overtime rate of pay for such time, attend job-related training without being paid at least the applicable FLSA minimum wage and overtime rate of pay for such training time, perform non-tip producing work without being paid the applicable FLSA minimum wage and overtime rates of pay for such time, perform in excess of 20 percent "side work" without being paid the applicable minimum wage and overtime rate of pay for such time and encouraging, condoning, enticing, inducing, suffering, permitting and/or requiring Plaintiffs and other members of the class to perform "off the clock" work is that Defendants willfully failed to pay Plaintiff and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby have enjoyed ill-gained profits at the expense of their tipped employees.

42. Although at this stage Plaintiff is unable to state the exact amount owed to them and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

# VI.

## **COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

44. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

45. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are at least thousands of individuals in the class.

46. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendants at their Dave & Buster's restaurants and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for all "off the clock" hours worked at the applicable FLSA minimum wage and overtime rates of pay. As a result, the claims of Plaintiff and Class Members are unified by a common theory ("off-the-clock claims) of Defendants' FLSA statutory violations.

47. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without compensation;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without compensation;

- Whether Defendants failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiff and the other members of the class the applicable minimum wage for all work performed;

- Whether Defendants' failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week.

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

48. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who are experienced in collective action litigation.

49. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

50. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I

**FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID STRAIGHT WAGES**
**(On Behalf of the Class)**

51. Plaintiff, on behalf of herself and the class, repeats and re-alleges Paragraphs 1 through 50 above, as if they were fully set forth herein.

52. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

54. At all times relevant and based on the aforementioned allegations, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class for all hours worked, including for all "waiting" time, for all "training" time, for all "non tip-producing" work time, for all "side work" in excess of 20 percent and for all other "off the clock" work at the applicable FLSA minimum wage and overtime rates of pay.

55. At all times herein, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within any one week period, involving the aforementioned violations constitute a variety of unpaid "off the clock" and "edited" time, resulting in the claims of Plaintiff and class members being unified by common theories of Defendants' FLSA violations.

56. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked

57. and, for the aforementioned "waiting" time, of at least at the applicable FLSA minimum wage and overtime rates of pay.

57. At all times herein, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours worked and, for the aforementioned "training" time, in excess of forty (40) within any one week period, involving a variety of unpaid "off the clock" and "edited" time, results in their claims being unified by common theories of Defendants' FLSA violations.

58. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked and, for the aforementioned "training" time, of at least at the applicable FLSA minimum wage and overtime rates of pay.

59. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class the applicable federal minimum wages for all hours worked and, for the aforementioned "waiting " time, it has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

61. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Due to Defendants' willful FLSA violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
**(On Behalf of the Class)**

63. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 62 above as if they were set forth herein.

64. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

66. At all times relevant herein, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other members of class appropriate overtime compensation for all hours worked and, for the aforementioned "waiting" time, in excess of forty hours per week by Plaintiff and each of the other members of the class.

67. At all times herein, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours worked and, for the aforementioned "waiting" time, in excess of forty (40) within any one week period, involving a variety of unpaid "off the clock" and, "edited" time, results in their claims being unified though common theories of FLSA violations.

68. At all times relevant herein, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked and, for the aforementioned "waiting" time.

69. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class the applicable federal minimum wage for all hours worked and, for the aforementioned "waiting" time, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, it has violated and (continues to violate) the FLSA, 29 U.S.C. § 255(a).

70. Due to Defendants' willful FLSA violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT III

## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

71. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 70 above as if they were fully set forth herein.

72. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

73. Pursuant to Defendants' uniform compensation policies, it has failed to pay Plaintiff and other members of the class the applicable minimum wage rates as required by the FLSA.

74 Because of Defendants' failure to pay Plaintiff and other members of the class for all hours worked and, for the aforementioned "waiting" time, Plaintiff and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA for all hours worked.

75. At all times herein, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours worked and, for the aforementioned "waiting" time, in excess of forty (40) within any one week period, involving a variety of unpaid "off the clock" and "edited" time, results in Plaintiff and class members' claims being unified through common theories of FLSA violations.

76. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked and, for the aforementioned "waiting" time.

77. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class for at least the applicable minimum wage rate for all hours worked and, for the aforementioned "waiting" time, they have violated and continue to violate the FLSA.

78. Plaintiff and the other members of the class are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

### **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiff and other members of the class;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Count III, an award of compensation for unpaid minimum wages to Plaintiff and other members of the class at the applicable minimum wage rate as required by the FLSA;

E. On Counts I, II and III an award of liquidated damages to Plaintiff and other members of the class;

F. On Counts I, II and III an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

G. On Counts I, II and III an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

H. On Counts I, II and III a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated:  March 13, 2017

Respectfully Submitted,


*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*