# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MARCELLA SHORT ET. AL.,**

Plaintiffs,

      v.

**DAVE & BUSTER'S, INC.,**
**DAVE & BUSTER'S ENTERTAINMENT, INC.,**
**DAVE & BUSTER'S MANAGEMENT**
**CORPORATION, INC.,**
**DAVE & BUSTER'S HOLDINGS, INC.,** and
**TANGO OF TENNESSEE, INC.**
a/k/a Dave & Buster's Grand Sports Café,

Defendants.

**CASE NO. 3:17-cv-00536**

**FLSA Opt-In Collective Action**

**JURY DEMANDED**

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Following litigation and subsequent negotiations, Plaintiffs and Defendants ("the Parties") reached a settlement in the above-captioned case. The Parties now respectfully request that the Court approve their settlement of this Fair Labor Standards Act ("FLSA") action seeking alleged unpaid wages and dismiss this case with prejudice. As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' bona fide dispute as to liability and alleged damages under the FLSA.

**I.**    **Relevant Procedural and Factual History**

Plaintiff Marcella Short originally brought this case as a putative FLSA collective action. Shortly thereafter, Defendants raised the existence of arbitration agreements with class action waivers allegedly entered into by Plaintiffs and putative class members. On August 12, 2017,

1

Plaintiff filed a motion for conditional class certification. Defendants thereafter requested a stay pending the Supreme Court's decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).[1] On September 5, 2017 the Court granted Defendants' requested stay.

On May 18, 2020 Defendants filed a Fed. R. Civ. P. 41(b) Motion to Dismiss. After Plaintiffs' responded, the Court denied Defendants' Motion to Dismiss. In the meantime, Plaintiffs filed eighty-three (83) arbitration demands with the American Arbitration Association ("AAA" and Judicial Arbitration and Mediation Services, Inc ("JAMS").[2] On October 5, 2020 the Parties dismissed, without prejudice, the claims of eighty-four (84) Opt-in Plaintiffs. These individuals were dismissed for being non-responsive in the litigation process.[3]

Prior to reaching the Settlement, the Parties exchanged informal discovery. Defendants provided Plaintiffs with documentation sufficient to determine weeks worked, hourly rates of pay, and other pertinent information. With this information, Plaintiffs were able to create a damages estimate, and negotiate and reach a settlement grounded in the hours worked and rates of pay of each Plaintiff.

Defendants deny the claims asserted in this case and make no admission whatsoever of liability or violation of the FLSA or any other statute. Defendants nevertheless desire to settle the case on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden,

---

[1] In *Epic*, the Supreme Court held that class and collective action waivers in arbitration agreements are generally enforceable.

[2] These arbitration demands were filed on behalf of individuals who have opted into this matter, as well as claimants who never formally opted-in.

[3] On October 15, 2020 Plaintiffs a Motion for Leave to File First Amended Complaint (ECF No. 157). The purpose of the First Amended Complaint is to place all plaintiffs/claimants subject to this settlement before the court for approval purposes.

2

expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the litigation.

The Parties believe that the settlement reached represents a fair and reasonable compromise given the disputed matters at issue and the risks of continuing forward with litigation, in addition to the dire economic situation the COVID-19 pandemic has left the average American worker.[4]

## II. Terms of the Proposed Settlement

### A. Settlement Amount and Allocation

The Settlement Agreement provides that Defendants will pay the total gross sum of $300,000.00, which includes Plaintiffs' attorneys' fees and costs. The details of the agreement are set forth in the Settlement Agreement, attached as *Exhibit A*. After fees, costs, and service awards are subtracted, the Plaintiffs will receive settlement awards based on the length of their employment with Defendants.

Plaintiffs' Counsel hereby request that their fees and costs be approved by the Court. Plaintiffs' Counsel spent significant time and resources investigating and litigating this matter through pleadings, informal discovery, filing roughly (80) arbitration demands, and settlement

---

[4] Given the dire situation the COVID pandemic has left wage-earners in, courts are finding the need to promptly compensate workers outweighs the need for an in-court hearing given ongoing coronavirus restrictions. *See Smith v. DTLR, Inc.*, No.: 1:18−cv−07628 (N.D. Il. Apr. 29, 2020) (ECF No. 71), attached as *Appendix 1* ("[T]he Court determines, in light of the adequacy of notice and the absence of objections and opt−outs, and due to the coronavirus pandemic and resulting restrictions on travel and the cancellation of all hearings . . . through 5/29/2020, that the need for class members to receive prompt compensation outweighs the need for an in−court hearing, which would have to be delayed well into June, and perhaps later depending on how the pandemic progresses. The Court therefore foregoes holding a hearing on the motion for final approval and grants the motion.")

The Parties state that this Court should follow the rationale employed by the *Smith* court and forgo a hearing on this motion.

3

negotiations. Specifically, Plaintiffs' Counsel[5] have collectively spent *hundreds of hours* litigating this matter including, for example: processing informal discovery, numerous arbitration conferences, drafting declarations from Plaintiffs, drafting and filing the Motion for Conditional Certification, engaging in motion practice, and negotiating this settlement.[6] Plaintiffs' Counsel will spend more hours finalizing this settlement and distributing the settlement proceeds. The amount requested by Plaintiffs' Counsel (one-third of the Gross Settlement Amount) is less than would be billed for comparable work to an hourly-paying client. Plaintiffs' Counsel submit that the fee request represents a fraction of the lodestar Plaintiffs' Counsel incurred in connection with litigating this matter. Finally, Defendants have agreed to pay this amount as fees and costs and do not oppose Plaintiffs' Counsel's request.

**B.     Release of Claims**

In exchange for the payments to be made under the Settlement Agreement, by signing and/or depositing their settlement checks, Plaintiffs will release all claims, potential or otherwise, against Defendants, or related or affiliated entities, arising out of the facts alleged in the First Amended Complaint filed in this matter for conduct which occurred during Plaintiffs' employment with Defendants. *See* Settlement Agreement, attached as *Exhibit A*.

## MEMORANDUM OF LAW

The Parties have reached a settlement which fairly and reasonably resolves the Parties' claims and defenses, and was negotiated at arm's length between counsel for Plaintiffs and Defendants. As such, the Court should enter an order approving the settlement accordingly.

---

[5] Plaintiffs' Counsel are Jackson, Shields, Yeiser, Holt, Owen, & Bryant, Friedman & Ranzenhofer, P.C., Law Office of Lindy Korn, PLLC, and Lichten & Liss-Riordan, P.C.

[6] The declaration of Robert E. Morelli, III, attached as *Exhibit B*, explains that Plaintiff's counsel "have collectively spent more than 300 hours to bring this case to a favorable resolution."

4

**I.     The Proposed Settlement Fairly and Reasonably Resolves the Parties Claims and Defenses.**

  **A.     Standard for Approval of Settlement of FLSA Collective Actions**

Although it is not clear that court approval of a settlement of FLSA claims is necessary in order to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). *See Boland v. Baue Funeral Home Co.*, No. 4:15-CV-00469RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015); *but see Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval).[7]

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 11th Cir. 1982); *accord Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015).  When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.  Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

---

[7] The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved. The Parties submit that the reasoning employed in *Martin v. Spring Break '83 Products, LLC is* compelling as both parties are represented by competent counsel and the risk of unequal bargaining power is greatly diminished.

5

### B. A Bona Fide Dispute Exists Over Liability and Damages.

A court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (citation omitted). The existence of a bona fide dispute serves as a guarantee that the Parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id; accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A bona fide dispute clearly exists in this case, which has been ligated and pending for years. Plaintiffs claim Defendants denied them lawfully owed minimum wages and overtime compensation, and failed to provide meal and rest breaks. In contrast, Defendants claim that Plaintiffs were appropriately paid for all compensable due, and therefore Plaintiffs are not owed any additional compensation or other wages under the FLSA or any state laws. Finally, Defendants contend that thise case could not proceed on a collective basis and would not be certified, or later it would be decertified, based on the many differences between and among the Opt-in Plaintiffs. Most importantly Defendants contended that Plaintiffs were required to pursue their claims through individual arbitration.

In addition to their many disputes regarding liability and certification/decertification of the collective, the Parties had opposing views on other damages components such as: (1) how to calculate damages, (2) whether compensatory or liquidated damages were available; and (3) whether a two-year or three-year limitations period applied.

Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the

uncertainty of dispositive motion practice, decertification, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for releases of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

### C. The Settlement Is Fair and Reasonable.

In addition to resolving a bona fide dispute between the Parties, the Settlement achieved is fair and reasonable and should be approved for several reasons. First, the proposed Settlement arises out of an action for alleged unpaid overtime and other wages brought by Plaintiffs against their employer. While the amount each Plaintiff obtains will necessarily depend on the number of workweeks she worked during the limitations period, the settlement is based upon Plaintiffs' rates of pay and hours worked each week during the recovery period, Plaintiffs believe such a compromise is reasonable under the circumstances and in light of the defenses and risks of litigating this matter. Thus, Plaintiffs and Plaintiffs' Counsel believe this is a fair recovery considering that Defendants had: (1) reasonable arguments for why the Plaintiffs should not recover; (2) a strong chance of successfully opposing conditional certification; (3) legitimate arguments that compensatory and liquidated damages were not available; (4) legitimate arguments

7

that a two-year look-back period would apply; and (5) arguments that even had Plaintiffs prevailed the damages would have been very low.[8]

Second, no collusion occurred between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.,* No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arm's-length negotiations between the Parties through experienced attorneys.

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are experienced in handling wage and hour collective actions. Plaintiffs' Counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' Counsel also have a long-standing multijurisdictional practice representing employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Counsel for both Parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give those recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the range of possible recovery in this case was uncertain. As noted above, Plaintiffs were at risk of recovering little or nothing at all, decertification of the class, if certified, and

---

[8] In addition to the enormous amount of time and expenses both sides would have incurred pursuing (and defending) individual claims in arbitration, the impact of the COVID-19 pandemic could render nay recovery impossible as a practical matter without this settlement. *See* https://www.msn.com/en-us/money/companies/dave-and-busters-warns-of-bankruptcy-files-layoff-notice-for-107-workers-in-nj/ar-BB19gRwL.

8

Case 3:17-cv-00536   Document 158   Filed 10/26/20   Page 8 of 13 PageID #: 925

deposition testimony undermining the merits of Plaintiffs' claims. Moreover, the Parties had very divergent positions on liability overall and damages.

Fifth, the proceedings have advanced through initial pleadings and fact investigation, permitting the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess data and other information; (iii) evaluate their claims and defenses; (iv) understand the scope of potential damages; and (v) engage in negotiations with the mutual understanding that continuing toward dispositive motion practice and the class certification and potential decertification motion process would be a difficult, costly, and uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources conducting further discovery, briefing certification and decertification and other dispositive motions – not to mention the time and expenses associated with pursing nearly one-hundred (100) individual arbitrations. After the resolution of these motions, the Parties would have had to engage in expensive and extensive efforts to prepare pretrial submissions and prepare for trial in this matter while those motions were pending and, eventually, may have faced the prospect of an expensive, lengthy trial as well as likely post-trial motions and appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an informed, efficient resolution of Plaintiffs' claims. While a number of issues remain disputed in this litigation, the expansive fact investigation processes enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. Under these

circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

## II. Plaintiffs' Counsel's Requested Award of Attorneys' Fees and Costs Is Reasonable and Should Be Fully Granted.

The proposed award of attorneys' fees and costs is more than fair and reasonable, and should be approved. Indeed, the attorneys' fees component of the settlement is reasonable and does not fully compensate Plaintiffs' Counsel for the time and effort spent in litigating this matter, as Plaintiffs' Counsel sought to reserve the greater part of the settlement payment for distribution to Plaintiffs. *See supra* at 3-4. Defendants do not oppose the payment of the agreed-upon amount of Plaintiffs' Counsel's attorneys' fees, litigation expenses, and costs from the settlement amount. Moreover, "the attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

In the Sixth Circuit, the only requirement for awards of attorneys' fees and costs to class Plaintiffs' Counsel is that the award "be reasonable under the circumstances." *Rawlings v. Prudential-Bache Property*, 9 F.3d 513, 516 (6th Cir. 1993). As the United States Supreme Court has recognized, without the class/collective action mechanisms, individuals with small claims lack the economic resources to vigorously litigate their rights. Without compensation to those attorneys who are willing to undertake the inherent complexities and unknowns of class and collective action litigation, enforcement of the federal and state laws would be jeopardized. *See Eisen v. Carlisle and Jacqueline*, 417 U.S. 156, 161 (1974). Thus, attorneys taking on class and collective actions

enable litigants to pool their claims, thus providing a huge valuable service to the judicial process and society as a whole.

As stated above, the complexity of this case and the novelty of the issues presented require a high level of skill and knowledge regarding wage and hour class collective action law. It is respectfully submitted that Plaintiffs' Counsel have unique skills and qualifications in the area of wage and hour class action litigation, and maintain nationwide class and collective action wage and hour practices. As a result, Plaintiffs' Counsel understand first-hand the risks, difficulties and costs associated with actually preparing and taking a wage and hour class action to trial, as opposed to negotiating a favorable compromised settlement agreement.

Plaintiffs' attorneys' fees and costs are reasonable given the result obtained, time expended, and time yet to be expended in administering the proposed settlement. *See Mclain et. al. v. First Acceptance Corp.*, No. 3-17-cv-00408 [ECF No. 57] (M.D. Tenn. 2018) (Order approving attorneys' fees and costs approximating 66% of the total settlement amount); *Wilson et. al. v. MMR Senior Alliance Corp et. al.*, No. 3:17-cv-1412 [ECF No. 56] (M.D. Tenn. 2018) (Order approving attorneys' fees and costs approximating 50% of the total settlement amount). This case was actively litigated, and Defendants do not challenge that the attorneys' fees and costs award reached as part of this settlement are fair and reasonable.[9]

---

[9] The service awards for Ms. Short and Ms. Rung are likewise fair, reasonable, and should be judicially approved. Both individuals were instrumental to Plaintiff's counsel early on in prosecuting these claims. *See e.g., Alvarez v. BI Inc.*, No. CV 16-2705, 2020 WL 1694294, at *7 (E.D. Pa. Apr. 6, 2020) (internal citations omitted) ("Here, I find that the proposed service awards to Named Plaintiffs are fair and reasonable for several reasons. First, the parties acknowledge that Named Plaintiffs took significant risk by coming forward to represent the interests of their fellow employees . . . Named Plaintiffs risked not only their reputation in the community, but also in their field and with their current employers . . . Named Plaintiffs also worked with counsel to provide background information about their employment, Defendant's policies and procedures, and the allegations in the Complaint.")

## CONCLUSION

This FLSA collective action settlement is a product of an arm's-length negotiation between the Parties and their counsel, which resolves a bona fide dispute over allegedly owed overtime wages. As such, the settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above. Further, Plaintiffs' Counsel request that this Court award reasonable attorneys' fees and litigation costs in the amount requested. Finally, the Parties jointly request that this action be dismissed with prejudice.

Respectfully submitted,

*/s/ Robert E. Morelli, III*
Gordon E. Jackson, TN Bar No. 08323
James L. Holt, Jr., TN Bar No. 012123
J. Russ Bryant, TN Bar No. 033830
Robert E. Turner, IV, TN Bar No. 035364
Robert E. Morelli, III, TN Bar No. 037004
Paula R. Jackson, TN Bar No. 20149
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
901.754.8001
901.754.8524 (fax)
gjackson@jsyc.com
jholt@jsyc.com
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com
pjackson@jsyc.com

**Attorneys for Plaintiffs**

*/s/ Kimberly R. Miers (with permission)*
J. Christopher Anderson, TN Bar No. 19279
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
615.383.3033
615.383.3323 (fax)
chrisanderson@littler.com

Celeste R. Yeager, TX Bar No. 00797715
(Admitted Pro Hac Vice)
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100
214.880.0181 (fax)
cyeager@littler.com

Kimberly R. Miers, TX Bar No. 24041482
(Admitted Pro Hac Vice)
LITTLER MENDELSON, P.C.

100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.982.7250
512.982.7248 (Fax)
kmiers@littler.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2020, the foregoing Motion for Settlement Approval was filed via the Court's electronic filing system, with notice of filing by the Court's electronic filing system to all counsel of record.

J. Christopher Anderson, TN Bar No. 19279
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450 Nashville, TN 37201
615.383.3033
615.383.3323 (fax)
chrisanderson@littler.com

Celeste R. Yeager, TX Bar No. 00797715
(Admitted Pro Hac Vice)
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100
214.880.0181 (Fax)
cyeager@littler.com

Kim Rives Miers
(Admitted Pro Hac Vice)
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
512.982.7253
214.880.0810 (fax)
kmiers@littler.com

*s/Robert E. Morelli, III*